IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WHEEL OUTLET OF GEORGIA, INC. ) ) ) Plaintiff, ) ) ) v. ) ) ) ) ) TRU SPINNERS INTERNATIONAL, INC., AMERICAN TRU SPINNERS, INC., TRU SPINNERS, INC., JAMES D. GRAGG, ELIZABETH M. GRAGG, CHARLES ABRAHAM, and DENISE FENIMORE, ) ) ) ) ) ) ) ) ) ) ) ) Defendants. ) _____) | CIVIL ACTION FILE NO.: 1-04-CV-1602-CC |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF PURSUANT TO FED. R. CIV. P. 37

### PROCEDURAL HISTORY

1. Plaintiff filed its complaint on June 3, 2004. The Complaint alleges Trademark and Trade Dress Infringement under the Lanham Act, Unfair Competition under the Lanham Act, False Advertising under the Lanham Act, Violation of the Georgia Uniform Deceptive Trade Practices Act, Violation of the

- 1 -

Georgia Unfair Competition Statute, Common Law Trademark Infringement and Unfair Competition, Tortious Interference with Existing and Prospective Business Relationships in Violation of Georgia Common Law, and Trade Libel.

2. Defendants filed a motion to dismiss for Improper Venue on September 10, 2004.

3. Defendants motion to dismiss for Improper Venue was denied on May 16, 2005.

4. Defendants filed an Answer and Counter Claims on May 26, 2005. The Counter Claims alleged Unfair Competition under the Lanham Act with a request for injunctive relief, False Advertising under the Lanham Act with a request for injunctive relief, Breach of Contract, Breach of the Duty of Good Faith and Fair Dealing, Unjust Enrichment, and for Stubborn Litigiousness under Georgia law. The complaint further demanded Compensatory, Consequential and Punitive Damages, and a Declaration of Non-infringement by Defendants of Plaintiff's Trademarks and Trade Dress.

5. Plaintiff filed an answer to the Counter Claims on June 20, 2005.

6. On August 8, 2005, Defendants served their First Interrogatories, First Request for Admissions and First Request for Production of Documents to Plaintiff.

7. Plaintiff's counsel then filed a Motion for an extension to respond to discovery and a motion to be relieved as Counsel on August 23, 2005.

8. Plaintiff's served their *unverified* Discovery responses to Defendants on September 12, 2005.

9. Plaintiff's motion for an extension of time to respond to discovery was granted on September 20, 2005 along with an order granting relief for Plaintiff's counsel of record.

10. Defendants' undersigned counsel attempted to contact Plaintiff on January 13, 2006 in attempt to resolve the lack of response to Discovery, sending a good faith letter to Plaintiff on January 13, 2006 via mail, fax and hand delivery, and once again via U.S. First Class Mail on February 10, 2006, pursuant Federal Rule Civil Procedure 37(a)(2)(A)(B) and Local Rule 37(A)(1). Defendants counsel further verified with the Clerk of the District Court that the address of service was the only address in the Court record.

11. Plaintiff, who is in <u>pro se</u> status per the Court's September 20, 2005 Order relieving former counsel, Robert L. Lee of counsel of record, has not responded to any effort to comply with Defendants' discovery demands.

12. This Court entered an Order on June 19, 2006 compelling Plaintiff to respond to discovery requests.

13.   The Order of June 19, 2006 served by Defendants' counsel to the last known address of Plaintiff on June 23, 2006 via United State Postal Service First Class Mail, Certified with Return Receipt First Class Mail and Priority Mail with Delivery Confirmation.  All attempts at service were returned unopened.  <u>See</u> Exhibit A to the Affidavit of Thomas R. Williamson III, Esq.

## ARGUMENT

I. <u>Plaintiff was compelled to provide responses to discovery pursuant to the Order of June 19, 2006.  Plaintiff has refused to comply with and obey this Court's Order.</u>

There is no evidence of any attempt by Plaintiff to comply with this Court's Order in good faith.  In fact, it appears that Plaintiff is now hiding and refusing to permit service by either this Court or counsel for Defendants.  Accordingly, Plaintiff should be sanctioned by this Court.

II. <u>Sanctions may be sought if a court issues an order that is not obeyed.  Fed. R. Civ. P. 37(b); Bergman v. United States, 565 F.Supp. 1353, 1362 (W.D. Mich. 1983).</u>

Plaintiff was originally represented by counsel who has withdrawn, and Plaintiff has failed to provide an address for correspondence to the Court or to counsel for Defendants. Plaintiff likely recognizes that its claims were frivolous and that Plaintiff has engaged in stubborn litigiousness, and is now trying to run from its own actions. Accordingly, this Court should sanction Plaintiff for failure to comply with the Order of June 19, 2006.

III. <u>The court may sanction a disobedient party who fails to comply with a discovery order.</u>

This Court may sanction Plaintiff by

    A. Striking the disobedient Plaintiff's pleadings, Fed. R. Civ. P. 37(b)(2)(C); <u>see</u> <u>Frame v. S-H Inc.</u>, 967 F.2d 194, 203 (5th Cir. 1992); and/or

    B. dismissing disobedient Plaintiff's part of the action at hand, Fed. R. Civ. P. 37(b)(2)(C); <u>see</u> <u>Frame v. S-H Inc.</u>, 967 F.2d 194, 203 (5th Cir. 1992); and/or

    C. rendering a default judgment against the disobedient Plaintiff. Fed. R. Civ. P. 37(b)(2)(C); <u>see</u> <u>Frame v. S-H Inc.</u>, 967 F.2d 194, 203 (5th Cir. 1992); and/or

D. awarding reasonable expenses against the disobedient Plaintiff, including attorneys fees, Fed. R. Civ. P. 37(b)(2)(E); <u>Alvarez v. Wallace</u>, 107 F.R.D. 658, 659-60 (W.D. Tex. 1985); and/or

E. holding the disobedient Plaintiff in contempt. Fed. R. Civ. P. 37(b)(2)(D); <u>United States v. Nassau County</u>, 28 Fed. R. Serv. 2d 165, 168-69 (E.D. N.Y. 1979).

Accordingly, this Court should enter an Order striking Plaintiff's pleadings and/or dismissing all of Plaintiff's part of the action at hand with prejudice; rendering a default judgment to include compensatory damages, punitive damages and injunctive relief; awarding reasonable expenses and attorneys fees; and holding Plaintiff in contempt.

VI. <u>Dismissal of Plaintiff's case is proper for a willful concealment of documents in violation of the court's discovery order.</u>

A. The public has an interest in an expeditious resolution of litigation. Such is not possible where a Plaintiff files an action and then runs and hides after failing to respond to a motion to compel.

B. The Court has a need to manage its dockets. The present case continues to clutter the Court's docket, since Plaintiff has filed the case

then failed to prosecute it and has not provided a new contact address to the Court or Defendants.

C. There continues to be a risk of prejudice to the Defendants, since Defendants must continue to fight a case against non-existent Plaintiff and, because of such, others may view Defendants' trademark as unenforceable.

D. There can be no disposition of this case on its merits absent the Plaintiff.

E. There is no availability of less drastic sanctions since the Plaintiff cannot be found.

See Valley Eng'rs, Inc. v. Electric Eng'g Co., 158 F.3d 1051 (9th Cir. 1998).

Accordingly, sanctions should be awarded against Plaintiff Wheel Outlet of Georgia, Inc. to include 1) striking the pleadings of Plaintiff, or in the alternative dismissing Plaintiff's claims with prejudice; 2) entering a default judgment for compensatory, statutory and punitive damages against Plaintiff; 3) enjoining Plaintiff from continuing to falsely advertise, deceive and/or mislead consumers that Plaintiff's products are licensed by Defendant American Tru Spinnners, Inc. under patents and/or trademarks owned by Defendant; 4) declaring non-infringement by Defendants of the trade dress or trademarks of Plaintiff;5)

awarding reasonable attorney fees and costs to Defendants; and 6) finding Plaintiff in contempt of this Court's Order of June 19, 2006.

Dated: September 8, 2006

Respectfully submitted,

The Law Office of Robert James Winkler

s/Robert James Winkler
Robert James Winkler, Esq.
Admitted Pro Hac Vice
California Bar No. 230566
The Law Offices of Robert James Winkler
Gothard Business Center
16541 Gothard Street, Suite 204
Huntington Beach, CA 92647
Telephone No.: (714)-847-9000
Facsimile No.: (714)-847-9002
E-Mail: LawOfficeofRobertWinkler@Yahoo.com

Counsel for Defendants
**JAMES D. GRAGG**
**AMERICAN TRU-SPINNERS, INC.**

Respectfully submitted,

s/Thomas R. Williamson III
Thomas R. Williamson III, Esq.
Georgia Bar No. 765506
Williamson Intellectual Property Law, LLC
1870 The Exchange, Suite 100
Atlanta, GA  30339
770-777-0977
770-777-0975 fax
twilliamson@trwiplaw.com

Designated Local Counsel for Defendants,
**JAMES D. GRAGG**
**AMERICAN TRU-SPINNERS, INC.**

# **CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Defendants hereby certifies that this MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS has been prepared with Times New Roman Font (14 point).

This 8th day of September, 2006

>s/Robert James Winkler
>Robert James Winkler, Esq.
>Admitted Pro Hac Vice
>California Bar No. 230566
>The Law Offices of Robert James Winkler
>Gothard Business Center
>16541 Gothard Street, Suite 204
>Huntington Beach, CA 92647
>
>Counsel for Defendants
>**JAMES D. GRAGG**
>**MERICAN TRU-SPINNERS, INC.**
>
>s/Thomas R. Williamson III
>Thomas R. Williamson III, Esq.
>Georgia Bar No. 765506
>Designated Local Counsel for Defendants,
>American Tru Spinners, Inc.
>and James D. Gragg
>
>Williamson Intellectual Property Law, LLC
>1870 The Exchange, Suite 100
>Atlanta, GA  30339
>770-777-0977
>770-777-0975 fax
>twilliamson@trwiplaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WHEEL OUTLET OF GEORGIA, INC. </br></br>Plaintiff,</br></br>v.</br></br></br></br>TRU SPINNERS INTERNATIONAL, INC., AMERICAN TRU SPINNERS, INC., TRU SPINNERS, INC., JAMES D. GRAGG, ELIZABETH M. GRAGG, CHARLES ABRAHAM, and DENISE FENIMORE,</br></br>Defendants. | CIVIL ACTION FILE</br></br>NO.: 1-04-CV-1602-CC |

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS was filed electronically via CM/ECF in the United States District Court for the Northern District of Georgia, with notice of same being served via First Class U.S. Mail, addressed to:

Wheel Outlet of Georgia, Inc.
c/o Greg Schreiner
2569 Iris Drive, Suite A
Conyers, GA  30013

This 8th day of September, 2006.

<div style="text-align: right;">

s/Thomas R. Williamson III
Thomas R. Williamson III, Esq.
Georgia Bar No. 765506
Designated Local Counselor for Defendants,
American Tru Spinners, Inc.
and James D. Gragg

Williamson Intellectual Property Law, LLC
1870 The Exchange, Suite 100
Atlanta, GA  30339
770-777-0977 voice
770-777-0975 fax
twilliamson@trwiplaw.com

</div>